# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made this ___ day of October, 2015, among Plaintiffs MARIA PENA (PENA), MERCY CARRIEL (CARRIEL), JOSE LUIS GARCIA (GARCIA), JUAN ALFONSO (ALFONSO), FABIO VALENCIA (VALENCIA), PEDRO ELIAS MONTANER (MONTANER), BUENAVENTURA HERNANDEZ (HERNANDEZ), HUGO RAMIREZ (RAMIREZ), ISAIAS CASASOLA (CASASOLA), DEMETRIO PEREZ (PEREZ), OLIMPIO DELGADO (DELGADO), RICARDO LIMA (LIMA), MARIO HERNANDEZ (M. HERNANDEZ) and FERNANDO BERNALES (BERNALES)(collectively "PLAINTIFFS") and Defendants HANDY WASH, INC, a Florida corporation doing business as The Independent Drivers' Association, a Florida Fictitious Name (HANDY WASH), ZUNI TRANSPORATION, INC., a Florida corporation (ZUNI), and JORGE AZOR, individually (AZOR)(collectively "DEFENDANTS").

Where appropriate, each of the foregoing parties to this Agreement shall be referred to herein individually as a "Party" and collectively as the "Parties".

## RECITALS

WHEREAS, at all material times, ZUNI was a para-transit services Provider, as defined in the Miami Dade County Special Transportation Services ("STS") contact with Advanced Transportation Solutions;

WHEREAS, at all material times, HANDY WASH contracted with ZUNI to broker independent drivers to operate Miami Dade County STS Routes for ZUNI;

WHERAS, at all material times, AZOR was the President of ZUNI and a director of HANDY WASH, and was responsible for all decisions involving hiring and contracting of drivers, and their compensation;

WHEREAS, at various times, Plaintiffs, among others, operated Miami Dade County STS Routes for ZUNI under an Independent Contractor Agreement, and were classified by DEFENDANTS as independent contractors, and were compensated on a per trip basis for each completed trip;

WHEREAS, based upon their classification as independent contractors, Plaintiffs were not paid an overtime rate for work performed in excess of forty (40) hours per week;

WHEREAS, PENA retained the legal services of the FairLaw Firm and filed a civil action in the U.S. District Court for the Southern District of Florida under the Fair Labor Standards Act ("FLSA") alleging she was misclassified as an independent contractor by DEFENDANTS and sought compensation for unpaid overtime wages and liquidated damages as allowed under the

FLSA, plus attorney's fees and costs, in *Peña v. Handy Wash, et. al.*, Case No. 14-cv-20352-CMA;

WHEREAS, the Court initially certified this case as a collective action that resulted in others joining PENA in her lawsuit, but the Court later decertified the conditional collective action on May 22, 2015. Thereafter, several of the Plaintiffs[1] brought individual FLSA civil actions against DEFENDANTS seeking overtime wages, liquidated damages, and attorney's fees and costs, also claiming they were misclassified as independent contractors, as follows:

Carriel v. Handy Wash, et. al., Case No. 15-cv-22106-UU filed 6/2/2015

Garcia v. Handy Wash, et. al., Case No. 15-CV-22268-JLK filed 6/16/2015

Alfonso v. Handy Wash, et. al., Case No.: 15-CV-22350-KMW filed 6/23/2015

Valencia v. Handy Wash, et. al., Case No.: 15-CV-22383-KMW filed 6/25/2015

Montaner v. Handy Wash, et. al., Case No.: 15-CV-22430-RNS filed 6/29/2015

B.  Hernandez v. Handy Wash, et. al., Case No.: 15-CV-22605-RNS filed 7/10/2015

Hugo Ramirez v. Handy Wash, et. al., Case No.: 15-CV-22691-DPG filed 7/20/2015

Cassasola v. Handy Wash, et. al., Case No.: 15-CV-22693-JAL filed 7/20/2015

Demetrio Perez v. Handy Wash, et. al., Case No.: 15-CV-22974-CMA filed 8/7/2015

Olimpio Delgado v. Handy Wash, et. al., Case No: 1:15-CV-22970-UU filed 8/7/2015

Ricardo Lima v. Handy Wash, et. al., Case No.: 1:15-CV-22972-MGC filed 8/7/2015

M. Hernandez v. Handy Wash, et.al., Case No.: 1:15-CV-22977-CMA filed 8/7/2015

Bernales v. Handy Wash, et. al., Case No.: 1:15-CV-23049-UU filed 8/14/2015

(together with the claim brought by Maria Peña, the federal civil FLSA actions for overtime wages, attorney's fees and costs, and claims for violations of 26 U.S.C. §7434 brought by the Plaintiffs shall be collectively referred to as the "FLSA Claims")

WHEREAS, the Parties have reached an amicable resolution and agreement with regard

---

[1]     Two of the then Opt-In plaintiffs did not timely file separate actions, and so they are not participants herein. One of the other Opt-In Plaintiffs, Arturo Labrada, filed and previously resolved his separate action, and so he is not a participant herein.

to the Plaintiffs' claims brought in all above-referenced matters;

WHEREAS, the Parties are desirous of documenting their resolution of the Plaintiffs' respective FLSA claims, and all related actions or possible actions or claims between or among the Parties on the terms and conditions stated herein; and avoid further legal expenses,

NOW, THEREFORE, in consideration of the above recitals and the mutual representations, covenants and agreements contained herein, the Parties agree as follows:

**SECTION ONE**
**SETTLEMENT TERMS**

**1.1    Adoption of Recitals**. The above recitals are true and correct to the best of all Parties' knowledge and belief and are incorporated into this Agreement.

**1.2    Settlement Amount**. Subject to the terms and conditions of this Agreement, the DEFENDANTS, jointly and severally agree to pay the following sums to resolve the pending PLAINTIFFS' FLSA claims:

(a) DEFENDANTS shall pay the maximum sum of Ninety Thousand Dollars ($90,000.00) into a Settlement Fund, which shall be apportioned and disbursed among all Plaintiffs according to the Agreed Distribution Schedule as set forth in Section 1.4, *infra*. ("Settlement Fund"). Any amounts not apportioned per the Agreed Distribution Schedule shall be applied towards the Attorney's Fees Obligations herein, reducing those Obligations accordingly. The Settlement Fund Obligation shall be maintained in Escrow by Brian Pollock, Esq. as Escrow Agent herein, and any disbursements from the Settlement Fund Obligation shall be in accordance with the Agreed Distribution Schedule.

(b)The parties agree that as part of the Agreed Distribution Schedule and Settlement Fund, the sum of Eight Thousand Dollars ($8,000.00) is to be apportioned and paid to MARIA PENA ("PENA Obligation"), which sum shall be deducted from the Settlement Fund obligation. PENA acknowledges receipt of said payment in full.

(c) DEFENDANTS shall pay the sum of One Hundred and Fifty Thousand Dollars ($150,000.00) in satisfaction of Plaintiffs' Attorney's Fees in connection with the FLSA Claims ("Attorney's Fees Obligations"); should the Settlement Fund Obligation be reduced as a result of the Agreed Distribution Schedule, the difference shall be applied towards, and diminish, the Attorney's Fees Obligations herein.

(d) DEFENDANTS shall pay the sum of Twenty Thousand Dollars ($20,000.00) in satisfaction of Plaintiff's Court Costs in connection with the FLSA Claims ("Costs Obligations").

(e) The total maximum amount to be paid by DEFENDANTS in satisfaction of the claims by Plaintiffs, including all wages, overtime wages, liquidated damages, damages, attorneys' fees, and costs shall be Two Hundred and Sixty Thousand Dollars ($260,000.00).

**1.3    Payment of Settlement Amount**.   The Settlement Amount shall be payable as follows:

(a) As of the writing and execution of this Agreement, the Parties agree and acknowledge that the Eight Thousand Dollars ($8,000.00) portion of the Settlement Fund apportioned towards the PENA Obligation has been paid and satisfied.

(b) DEFENDANTS shall place the amount of  One Hundred Ninety Two Thousand Dollars ($192,000.00) into Escrow no later than November 18, 2015, to be applied towards the Settlement Fund Obligation, the Attorney's Fees Obligation, and the Costs Obligation on a pro rata basis pursuant to the wire transfer instructions provided by FairLaw Firm.

(c) DEFENDANTS shall then place the amount of Sixty Thousand Dollars ($60,000.00) into Escrow no later than January 15, 2016, to be applied towards the remaining Settlement Fund Obligation, the Attorney's Fees Obligation, and the Costs Obligation on a pro rata basis.

(d) All Sums and Obligations due herein at in 1.3(b) and 1.3(c) shall be payable to The FairLaw Firm Trust Account by wire transfer to be effected on or before the due date(s) reflected in 1.3(b) and 1.3(c) pursuant to the wire transfer instructions provided by the FairLaw Firm.

**1.4    Agreed Distribution Schedule:**  The Escrow Agent shall apportion among the remaining Plaintiffs (after payment to PENA) their respective payments from the Settlement Fund in accordance with an Agreed Distribution Schedule.  The Agreed Distribution Schedule shall apportion among each of the remaining Plaintiffs the settlement amounts payable to them herein.  A proposed version of the Distribution Schedule is attached hereto as Exhibit "A."  The Parties shall use their best efforts to reach agreement as to the Distribution Schedule, and all discussions and negotiations among the Parties related to same shall be concluded, and a final proposed Agreed Distribution Schedule to be prepared, no later than October 15, 2015. All objections, if any, to the final proposed Agreed Distribution Schedule shall be itemized and communicated to the other Parties in writing no later than October 19, 2015.   DEFENDANTS and any affected Plaintiffs shall submit their respective disagreement(s) for Mediation(s) before Magistrate Judge John O'Sullivan.  The Parties shall attend one or more Mediation Sessions until all objections are resolved, which Mediation Sessions shall be concluded and an Agreed Distribution Schedule to be finalized no later than November 5, 2015.

(a) **Issuance of Form 1099:**  The sums apportioned and payments to Plaintiffs under the Agreed Distribution Schedule shall not be deemed to be employee wages, but shall be deemed non-wage income, and DEFENDANTS shall be under no obligation for issuance of W-

Page **4** of **29**

2's, state or federal payroll taxes, federal withholding or other obligations attendant to the payment of employee wages. HANDY WASH shall issue IRS Form 1099 to the FairLaw Firm for all payments made on the Settlement Fund, Attorney's Fees Obligation and Costs Obligation.

     **1.5**   **Dismissal of FLSA Claims**: The Parties shall cooperate in dismissing the FLSA Claims with prejudice, with the Court to retain jurisdiction to oversee the ongoing Mediation, as necessary, and enforce this Agreement.

     **1.6**   **Court Approval of Settlement**. Within seven (7) days of the execution of this Agreement, Plaintiffs will seek the Court's approval of the terms of this Agreement, by filing a Joint Motion for Approval of Settlement ("Approval Motion") and proposed Order of Approval and Dismissal in a form to be prepared by DEFENDANTS. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of this Agreement, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves the modified Agreement. Notwithstanding the foregoing, if the Court approves the gross amount of the Settlement Fund but determines there should be a reallocation of the Settlement Fund, and/or a reduction of the Attorney's Fee Obligations or Costs Obligations, the Agreement as so modified and approved by the Court shall remain fully binding on the Parties upon written agreement by each affected party and/or attorney.

     **1.7**   **Each Party to Bear Own Fees and Costs**: Other than as otherwise provided herein, each Party shall bear its own attorney's fees, court costs, and other expenses in connection with the FLSA Claims, this Agreement, the Agreed Distribution Schedule and related Mediations, and the subject matter hereof. In the event of any further dispute over implementation of this Settlement Agreement, each party shall bear their own fees and costs.

**SECTION TWO**
**MUTUAL RELEASES**

     **2.1**   **General Release of Plaintiffs.** Each of the DEFENDANTS on behalf of themselves and each of their respective Affiliates, directors, officers, employees, shareholders, agents, heirs, executors, administrators, legal representatives, trusts, trustors, trustees, beneficiaries, successors, assigns and any other person or entity that could assert a claim through them or a claim that is in any way derivative of their interests, hereby expressly, fully and irrevocably forever waives, releases and discharges any and all claims (including, without limitation, cross-claims, counterclaims, rights of setoff and recoupment), causes of action, demands, suits, controversies, agreements, debts, costs, expenses and damages (collectively, "Claims") that any of them shall or may have or may allege to have (and all defenses which may arise out of any of the foregoing) of any nature, description or kind whatsoever, whether actual, contingent or otherwise, known or unknown, direct or indirect, accrued or not accrued, liquidated or unliquidated, from the beginning of time to the date hereof, whether arising in law or at equity, against Plaintiffs and their employees, agents, heirs, executors, administrators, legal

representatives, trusts, trustors, trustees, beneficiaries, successors, assigns, and any other person or entity that could be the respondent to any Claim that is in any way derivative of his or her interests (collectively, the "Released Parties"), in any way relating to, based upon, or arising out of any transactions, dealings, relations, interactions, events, acts omissions, occurrences, representations, statements or agreements with, involving, or otherwise relating to any of the Released Parties in connection with: (1) the Fair Labor Standards Act and FLSA Claims; (2) the Independent Contractor Agreement and any other services, business or activity conducted for or on behalf of DEFENDANTS; (3) any transactions, events, acts, omissions, representations or agreements relating to any of the forgoing or the subject matter of the FLSA Claims.

**2.2   General Release of DEFENDANTS**.   Each of the Plaintiffs, on behalf of himself or herself, and his/her employees, agents, heirs, executors, administrators, legal representatives, trusts, trustors, trustees, beneficiaries, successors, assigns and any other person or entity that could assert a claim through him or a claim that is in any way derivative of his interests, hereby expressly, fully and irrevocably forever waives, releases and discharges any and all Claims he or she shall or may have or may allege to have  of any nature, description or kind whatsoever, whether actual, contingent or otherwise, known or unknown, direct or indirect, accrued or not accrued, liquidated or unliquidated, from the beginning of time to the date hereof, whether arising in law or at equity, against any or all of the DEFENDANTS and each of their respective Affiliates, directors, officers, employees, shareholders, agents, heirs, executors, administrators, legal representatives, trusts, trustors, trustees, beneficiaries, successors, assigns, and any other person or entity that could be the respondent to any Claim that is in any way derivative of their interests (collectively, the "Released Parties') in any way relating to, based upon, or arising out of any transactions, dealings, relations, interactions, events, acts omissions, occurrences, representations, statements or agreements with, involving, or otherwise relating to any of the Released Parties in connection with: (1) the Fair Labor Standards Act and FLSA Claims; (2) the Independent Contractor Agreement and any other services, business or activity conducted for or on behalf of DEFENDANTS; (3) any transactions, events, acts, omissions, representations or agreements relating to any of the forgoing or the subject matter of the FLSA Claims.

## SECTION THREE
## CONDITIONS TO SETTLEMENT

**3.1   Performance Of Covenants And Agreements**.   All covenants and agreements of the contained in this Agreement which are required to be performed at, before or simultaneously with the execution of this Agreement have been performed.

## SECTION FOUR
## REPRESENTATIONS AND WARRANTIES

**4.1   Adoption of Recitals**. The above recitals are true and correct to the best of all Parties' knowledge and belief and are incorporated into this Agreement.

**4.2   Representations of DEFENDANTS**.

(a) **Authorization and Binding Obligation**.   Each of the DEFENDANTS has all necessary power and authority to execute and deliver this Agreement and to consummate the transactions contemplated hereby.   The execution and delivery of this Agreement by such party and the consummation by such party of the transactions contemplated by this Agreement have been duly authorized by all necessary corporate action on the part of such party.

(b) **Solvency**.   No insolvency proceedings of any character, including without limitation, bankruptcy, receivership, reorganization, composition, or arrangement with creditors, voluntary or involuntary, affecting any of the are pending, or to the knowledge of any of the DEFENDANTS, threatened; nor has any of the made any assignment for the benefit of creditors or taken any action in contemplation thereof, or taken any action that would, to the knowledge of any of the DEFENDANTS, constitute the basis for any institution of any such insolvency proceedings.

## SECTION FIVE
## ESCROW AGREEMENT

**5.1   Escrow Agent**: In connection with the above referenced matter, the Parties hereby authorize Brian Pollock, Esq., Escrow Agent, to hold the Settlement Fund Obligation, the Attorney's Fees Obligation, and the Costs Obligation funds in Escrow according to the following terms and conditions:

**(a) Escrow Amount**: The sum to be escrowed is Two Hundred Fifty Two Thousand ($252,000.00).

**(b) Condition(s) of Release**: The funds are to be held pending satisfaction of the following:

i.     The Parties' agreement with regard to all distributions from the Settlement Fund to the Plaintiffs per the Agreed Distribution Schedule.

ii.    Upon agreement on final Agreed Distribution Schedule, Escrow Agent shall disburse the initial $192,000 received to satisfy, in part, Defendants obligations to the Settlement Fund Obligation, the Attorney's Fees Obligation, and the Costs Obligation on a pro rata basis.

iii.   Escrow Agent shall then disburse the remaining $60,000 received to satisfy in full the Settlement Fund Obligation, the Attorney's Fees Obligation, and the Costs Obligation, which amount shall not exceed the total of the Agreed Distribution Schedule, plus the Attorney's Fees Obligation, plus the Costs Obligation. All remaining funds received which exceed the total of the Agreed Distribution Schedule, plus the Attorney's Fees Obligation, plus the Costs Obligation shall be refunded to DEFENDANTS by wire transfer within 10 days of the final disbursal of all funds to be paid hereunder.

iv.    The Settlement Fund funds are to be released to satisfy the Settlement Fund Obligation, the Attorney's Fees Obligation, and the Costs Obligation, and Escrow Agent is so

authorized to pay funds in satisfaction without any recourse or liability, after written notice and consent by DEFENDANTS.

v.   In the event a controversy arises over distribution of the Settlement Fund funds or the Agreed Distribution Schedule, Escrow Agent, shall withhold all disbursements or distributions until the Agreed Distribution Schedule is finalized and agreed to by all Parties herein.

**5.2  Liability of Escrow Agent**: Escrow Agent's duties are limited to those specifically set out in this Agreement, and Escrow Agent shall incur no liability to anyone except for willful misconduct or gross negligence so long as the Escrow Agent acts in good faith. Plaintiffs and DEFENDANTS release Escrow Agent from any act done or omitted in good faith in the performance of Escrow Agent's duties.

The foregoing terms constitute the entire agreement related to the escrow of funds between the parties, and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

## SECTION SIX
## POST CLOSING COVENANTS

**6.1  Dismissal of Pending Litigation with Prejudice**. All Parties who are party to the FLSA Claims shall agree to the entry of a final order adopting this Agreement and dismissing the Pending Litigation with prejudice, discharging all claims that were asserted in connection the FLSA Claims, could have been asserted and might have been asserted had they been known but were in fact unknown, among, against or in any way relating to any other Party or Parties, except for the Court's reservation of jurisdiction to enforce the terms and conditions of this Agreement. The Parties shall execute and file such documentation as may reasonably be necessary to effectuate the dismissal of the FLSA Claims in accordance with the terms of this Section 5.1.

**6.2  Future Cooperation**. All Parties shall exercise good faith and best efforts to ensure complete compliance with this Agreement and each hereby pledges their cooperation to effectuate the terms and provisions hereof including, without limitation, signing any and all further documentation or instruments necessary to complete or effectuate its terms.

## SECTION SEVEN
## DEFAULTS

**7.1  Payment Defaults.** If the default in any payment due hereunder for more than five (5) days after Plaintiffs serve written notice to Defendants by email to kgrumer@grumerlaw.com that the same is past due (the "grace period"), then, upon expiration of the grace period, the payment shall automatically and immediately become due.

**7.2   NonPayment Default:**  If the default payment remains for more than five (5) days after Plaintiffs serve(d) written notice on Defendants that the same is to be performed (the "notice period"), then, upon expiration of the "notice period" and "grace period", said performance shall automatically and immediately become due, and Defendants shall thereafter be entitled to recover a default final judgment against DEFENDANTS in the amount of  Two Hundred Sixty Thousand Dollars ($260,000.00), less any/all payments made, on an *ex parte* basis.

## SECTION EIGHT
## GENERAL PROVISIONS

**8.1   Retention of Jurisdiction.**  As a condition of this Settlement Agreement, the Parties stipulate to the Court's exclusive retention of jurisdiction to enforce the terms of this Agreement through March 1, 2016.

**8.2   Notices.**  All notices and other communications required or permitted under this Agreement shall be deemed to have been duly given and made if in writing and if served either by personal delivery to the party for whom intended (which shall include delivery by courier, Federal Express, or similar service) and email or three business days after being deposited, postage prepaid, certified or registered mail, return receipt requested, in the United States mail bearing the address shown in this Agreement for, or such other address as may be designated in writing hereafter by, such party:

To PLAINTIFFS

c/o Brian H. Pollock, Esq.
Fairlaw Firm
8603 S. Dixie Hwy, Suite 408
Miami, FL 33143
Email: brian@fairlawattorney.com

To DEFENDANTS

c/o Keith T. Grumer, Esq.
Grumer & Macaluso, P.A.
One East Broward Blvd.
Suite 1501
Ft. Lauderdale, Fl 3301
Email: kgrumer@grumerlaw.com
Service@grumerlaw.com

**8.3   Entire Agreement.**   This Agreement contains the entire understanding of the Parties in respect of its subject matter and supersedes all prior agreements and understandings (oral or written) between or among the Parties with respect to such subject matter.

**8.4   Attorney's Fees to Enforce**: Should any Party be required to enforce this Agreement in court, the prevailing party shall be entitled to reasonable attorney's fees and costs at all levels.

**8.5   Amendment; Waiver.**   This Agreement may not be modified, amended, supplemented, canceled or discharged, except by written instrument executed by all parties.  No failure to exercise and no delay in exercising, any right, power or privilege under this Agreement shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude the exercise of any other right, power or privilege.

**8.6   Binding Effect; Assignment.**   The rights and obligations of this Agreement shall bind and inure to the benefit of the Parties and their respective successors and assigns.  The rights and obligations of this Agreement may not be assigned by any Party without the prior written consent of the other Parties.

**8.7   Counterparts.**   This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument.  A telecopy signature of any party shall be considered to have the same binding legal effect as an original signature, and a copy of this Agreement shall be considered the same as an original.

**8.8   Interpretation.**    The headings contained herein are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.  No provision of this Agreement is to be interpreted for or against any party on the grounds that one or the other's legal counsel drafted such provision.

**8.9   Governing Law; Severability.**   This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without reference to the principals of conflicts of law thereof.  If one or more of the provisions contained in this Agreement is held

invalid, illegal or unenforceable in any respect by any court of competent jurisdiction, such holding will not impair the validity, legality, or enforceability of the remaining provisions herein.

**8.10   Voluntary Execution**.  Each of the Parties expressly represents and warrants to all other Parties that said Party has obtained independent advice of counsel of their choice, and, after review of this Agreement with their attorneys, freely and voluntarily enters into this Agreement.

*[Signatures on following page.]*

**IN WITNESS WHEREOF,** the parties hereto have caused this Settlement Agreement to be duly executed and delivered as of the day and year first above written.


_____
**(Witness)**

_____
**MARIA PENA**, individually

STATE OF FLORIDA )
Miami - Dade ) SS:
COUNTY OF ~~BROWARD~~ )

The foregoing instrument was acknowledged before me this 15th day of October 2015, by, MARIA PENA who is personally known to me or has produced FL DL #: P500-5A-081-1 as identification.


_____
(Signature of Person Taking Acknowledgment)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

_____
(Name of Acknowledger Typed, Printed or Stamped)

_____(Title or Rank)

_____(Serial Number, if any)

_____

**(Witness)**

_____

**MERCY CARRIEL**, individually

STATE OF FLORIDA          )
                                                  ) SS:
COUNTY OF ~~BROWARD~~ MIAMI-DADE    )

    The foregoing instrument was acknowledged before me this ²¹ day of October _____ 2015, by, MERCY CARRIEL who is personally known to me or has produced _____ as identification.

_____
   (Signature of Person Taking Acknowledgment)

_____

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

(Name of Acknowledger Typed, Printed or Stamped)

_____(Title or Rank)

_____(Serial Number, if any)

_____
(Witness)

_____
**JOSE LUIS GARCIA**, individually

STATE OF FLORIDA      )
            MIAMI-DADE ) SS:
COUNTY OF ~~BROWARD~~   )

    The foregoing instrument was acknowledged before me this 21 day of
October _____ 2015, by, JOSE LUIS GARCIA who is personally known to
me or has produced _____ as identification.

_____
(Signature of Person Taking Acknowledgment)

Cynthia C. Acuna

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

(Name of Acknowledger Typed, Printed or
Stamped)

_____(Title or
Rank)

_____(Serial Number, if any)

_____
**(Witness)**

_____
**JUAN ALFONSO**, individually

STATE OF FLORIDA          )
                         Miami - Dade ) SS:
COUNTY OF BROWARD         )

    The foregoing instrument was acknowledged before me this **16**th day of _____October_____ 2015, by, JUAN ALFONSO who is personally known to me or has produced FL DL# A415-420-36-380-0 as identification.

_____
(Signature of Person Taking Acknowledgment)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

Cynthia C. Acuna
_____
(Name of Acknowledger Typed, Printed or Stamped)

_____ (Title or Rank)

_____ (Serial Number, if any)

Page **15** of **29**

_____                    _____
**(Witness)**                              **FABIO VALENCIA**, individually

STATE OF FLORIDA        )
                        ) SS:
COUNTY OF ~~BROWARD~~ Miami-Dade  )

The foregoing instrument was acknowledged before me this 15th day of ___October___ 2015, by, FABIO VALENCIA who is personally known to me or has produced FL DL # V452-241-48-349-0 as identification.

_____
(Signature of Person Taking Acknowledgment)

_____
Cynthia C. Acuna

(Name of Acknowledger Typed, Printed or Stamped)

_____(Title or Rank)

_____(Serial Number, if any)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

_____
**(Witness)**

_____
**PEDRO ELIAS MONTANER**, individually

STATE OF FLORIDA        )
                Miami - Dade ) SS:
COUNTY OF ~~BROWARD~~    )

The foregoing instrument was acknowledged before me this 15th day of October _____ 2015, by, PEDRO ELIAS MONTANER who is personally known to me or has produced FLDL # M535-605-68-_____ as identification.

_____
(Signature of Person Taking Acknowledgment)

```
CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters
```

_____
(Name of Acknowledger Typed, Printed or Stamped)

_____(Title or Rank)

_____(Serial Number, if any)

_____                    _____
(Witness)                                          **BUENAVENTURA HERNANDEZ**, individually

STATE OF FLORIDA        )
COUNTY OF BROWARD       ) SS:

    The foregoing instrument was acknowledged before me this ___ day of _____ 2015, by, BUENAVENTURA HERNANDEZ who is personally known to me or has produced _____ as identification.

_____
(Signature of Person Taking Acknowledgment)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

_____
(Name of Acknowledger Typed, Printed or Stamped)

_____(Title or Rank)

_____(Serial Number, if any)

Page **18** of **29**

_(Witness)_

**HUGO RAMIREZ**, individually

STATE OF FLORIDA          )
                    Miami - Dade ) SS:
COUNTY OF ~~BROWARD~~   )

The foregoing instrument was acknowledged before me this 15th day of
October 2015, by, HUGO RAMIREZ who is personally known to me
or has produced FL D/L#: R512-390-VO-40C as identification.

_(Signature of Person Taking Acknowledgment)_

> CYNTHIA ACUNA
> MY COMMISSION # FF 055924
> EXPIRES: September 19, 2017
> Bonded Thru Notary Public Underwriters

Cynthia C. Acuña

(Name   of   Acknowledger   Typed,   Printed   or
Stamped)

_____(Title   or
Rank)

_____(Serial Number, if any)

_____
(Witness)

_____
**ISAIAS CASASOLA** ~~individually~~

STATE OF FLORIDA        )
                Miami - Dade  ) SS:
COUNTY OF ~~BROWARD~~   )

The foregoing instrument was acknowledged before me this 10th day of
October                          2015, by, ISAIAS CASASOLA who is personally known to
me or has produced FLDL#: C224 400-80-011-0 as identification.

_____
(Signature of Person Taking Acknowledgment)

Cynthia C. Acuna
_____
(Name   of   Acknowledger   Typed,   Printed   or
Stamped)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

_____(Title      or
Rank)

_____(Serial Number, if any)

_____
(Witness)

_____
**DEMETRIO PEREZ**, individually

STATE OF FLORIDA          )
                 Miami - Dade ) SS:
COUNTY OF ~~BROWARD~~    )

The foregoing instrument was acknowledged before me this 15th day of _October_ 2015, by, DEMETRIO PEREZ, who is personally known to me or has produced FLDL: P02 70-58-49-10 as identification.

_____
(Signature of Person Taking Acknowledgment)

> CYNTHIA ACUNA
> MY COMMISSION # FF 055924
> EXPIRES: September 19, 2017
> Bonded Thru Notary Public Underwriters

_____
Cynthia C. Acuna.
(Name of Acknowledger Typed, Printed or Stamped)

_____(Title or Rank)

_____(Serial Number, if any)

Page **21** of **29**

_____
**(Witness)**

_____
**OLIMPIO DELGADO**, individually

STATE OF FLORIDA          )
                                         ) SS:
COUNTY OF ~~BROWARD~~ MIAM-DADE   )

The foregoing instrument was acknowledged before me this 21 day of
_____October_____ 2015, by, OLIMPIO DELGADO who is personally known to
me or has produced _____ as identification.

_____
(Signature of Person Taking Acknowledgment)

_____

> CYNTHIA ACUNA
> MY COMMISSION # FF 055924
> EXPIRES: September 19, 2017
> Bonded Thru Notary Public Underwriters

Cynthia C. Acuna
_____
(Name of Acknowledger Typed, Printed or
Stamped)

_____(Title or
Rank)

_____(Serial Number, if any)

Page **22** of **29**

_____

**(Witness)**

_____

**RICARDO LIMA**, individually

STATE OF FLORIDA          )
       Miami - Dade ) SS:
COUNTY OF ~~BROWARD~~     )

    The foregoing instrument was acknowledged before me this 10th day of October _____ 2015, by, RICARDO LIMA who is personally known to me or has produced FL.D.L # L524 300 (0 09 as identification.

_____
(Signature of Person Taking Acknowledgment)

> CYNTHIA ACUNA
> MY COMMISSION # FF 055924
> EXPIRES: September 19, 2017
> Bonded Thru Notary Public Underwriters

_____
(Name   of   Acknowledger   Typed,   Printed   or   Stamped)

_____(Title   or   Rank)

_____(Serial Number, if any)

Page **23** of **29**

_____
**(Witness)**

_____
**MARIO HERNANDEZ**, individually

STATE OF FLORIDA        )
                                    ) SS:
COUNTY OF ~~BROWARD~~ )

    The foregoing instrument was acknowledged before me this 10th day of _October_ 2015, by, MARIO HERNANDEZ who is personally known to me or has produced FL DL #: H655-540-44-148 as identification.

_____
(Signature of Person Taking Acknowledgment)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

_____
(Name   of   Acknowledger   Typed,   Printed   or Stamped)

_____(Title   or Rank)

_____(Serial Number, if any)

_____
(Witness)

_____
**FERNANDO BERNALES**, individually

STATE OF FLORIDA          )
            Miami-Dade ) SS:
COUNTY OF ~~BROWARD~~      )

    The foregoing instrument was acknowledged before me this 15th day of
October _____ 2015, by, FERNANDO BERNALES who is personally
known to me or has produced FLDL #: 0654-240-61-426 as identification.

_____
(Signature of Person Taking Acknowledgment)

CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters

_____
(Name of Acknowledger Typed, Printed or
Stamped)

_____(Title or
Rank)

_____(Serial Number, if any)

_____

**(Witness)**

_____

**BRIAN POLLOCK, ESQ., as Escrow Agent**

STATE OF FLORIDA            )
                           Miami-Dade ) SS:
COUNTY OF ~~BROWARD~~       )

    The foregoing instrument was acknowledged before me this 15th day of ___October___ 2015, by, BRIAN POLLOCK, ESQ., as Escrow Agent who is personally known to me or has produced _____ as identification.


_____

(Signature of Person Taking Acknowledgment)


_____

(Name of Acknowledger Typed, Printed or Stamped)

```
CYNTHIA ACUNA
MY COMMISSION # FF 055924
EXPIRES: September 19, 2017
Bonded Thru Notary Public Underwriters
```

_____(Title or Rank)

_____(Serial Number, if any)

_____          _____
**(Witness)**                             **JORGE AZOR**, individually

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF BROWARD   )

    The  foregoing  instrument  was  acknowledged  before  me  this  _15_  day  of _____ OCT _____ 2015, by, JORGE AZOR who is personally known to me or has produced _pers. known_ as identification.

_____
(Signature of Person Taking Acknowledgment)

_NEISY ALVERNIA_
_____
(Name  of  Acknowledger  Typed,  Printed  or Stamped)

_NOTARY PUBLIC ST of FL_
_____ (Title      or Rank)

_____ (Serial Number, if any)

NEISY N. ALVERNIA
Commission # EE 222965
Expires November 12, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

**HANDY WASH, INC.**

**Jorge Azor as its Authorized Agent**

**(Witness)**

STATE OF FLORIDA    )
                    ) SS:
COUNTY OF BROWARD   )

    The foregoing instrument was acknowledged before me this ____ day of _____ 2015, by, Jorge Azor who is personally known to me or has produced _____ as identification.

_____
(Signature of Person Taking Acknowledgment)

*NEISY ALVERNIA*

(Name of Acknowledger Typed, Printed or Stamped)

*NOTARY PUBLIC St of FL* (Title or Rank)

NEISY N. ALVERNIA
Commission # EE 222965
Expires November 12, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

_____ (Serial Number, if any)

Page **28** of **29**

_____

**(Witness)**

ZUNI TRANSPORATION, INC.

_____

Jorge Azor as its Authorized Agent

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF BROWARD    )

    The foregoing instrument was acknowledged before me this ____ day of _____ 2015, by, Jorge Azor who is personally known to me or has produced _____ as identification.

_____

(Signature of Person Taking Acknowledgment)

NEISY ALVERNIA

(Name of Acknowledger Typed, Printed or Stamped)

Norary Public St of FL _____(Title or Rank)

NEISY N. ALVERNIA
Commission # EE 222965
Expires November 12, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

(Serial Number, if any)

Page **29** of **29**

## Exhibit A - Calculations

|  | First Name | Last Name | OT Wages | Liquidated Damages | Total Payout |
|---|---|---|---|---|---|
| 1 | Maria G. | Peña | $ 4,000.00 | $ 4,000.00 | $ 8,000.00 |
| 2 | Fabio | Valencia | $ 2,913.24 | $ 2,913.24 | $ 5,826.47 |
| 3 | Fernando | Bernales | $ 5,000.00 | $ 5,000.00 | $ 10,000.00 |
| 4 | Hugo | Ramirez | $ 3,537.20 | $ 3,537.20 | $ 7,074.40 |
| 5 | Pedro | Montaner Flores | $ 2,768.62 | $ 2,768.62 | $ 5,537.23 |
| 6 | Ricardo | Lima Kelly | $ 669.98 | $ 669.98 | $ 1,339.96 |
| 7 | Mario | Hernandez | $ 2,304.57 | $ 2,304.57 | $ 4,609.14 |
| 8 | Juan | Alfonso | $ 1,481.25 | $ 1,481.25 | $ 2,962.49 |
| 9 | Isaias | Casasola | $ 2,132.48 | $ 2,132.48 | $ 4,264.96 |
| 10 | Demetrio | Perez | $ 2,366.28 | $ 2,366.28 | $ 4,732.55 |
| 11 | Buenaventura | Hernandez | $ 2,492.29 | $ 2,492.29 | $ 4,984.58 |
| 12 | Olimpio | Delgado | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 |
| 13 | Mercy | Carriel | $ 5,500.00 | $ 5,500.00 | $ 11,000.00 |
| 14 | Jose L. | Garcia | $ 3,914.50 | $ 3,914.50 | $ 7,829.00 |
|  | Total: | | $ 40,080.39 | $ 40,080.39 | $ 80,160.78 |